UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER M. O'CARROLL | CIVIL ACTION |
| VERSUS | NUMBER 11-640-BAJ-DLD |
| HANCOCK BANK, ET AL | |

## ORDER

This matter is before the Court on a motion to dismiss filed by defendants, Hancock Bank and Joy Ross (rec. doc. 29). Plaintiff filed motions to deny defendants' motion to dismiss and to dismiss sanctions due to the fact that interrogatories were answered and submitted to defendant (rec. docs. 34 and 36), which the Court will construe as oppositions to the motion to dismiss.[1] Additionally, defendants have filed a motion for leave to file a reply brief, which was considered in connection with the motion to dismiss (rec. doc. 35).

**Discussion**

Plaintiff filed this lawsuit on July 27, 2011, alleging employment discrimination under the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and the Family Medical Leave Act. The discovery deadline expired on September 14, 2012 (rec. doc. 21). During the course of the discovery period, defendants have filed and the Court has granted two motions to compel discovery, both of which ordered plaintiff to respond to defendants' first set of interrogatories and first set of request for production of documents,

---

[1] Plaintiff's opposition to the motion to dismiss was due on November 8, 2012 (rec. doc. 32). On November 9, 2012, plaintiff's counsel filed a motion for leave to respond to motion to dismiss (rec. doc. 33). Plaintiff's counsel represents that he owns a home in Maryland and as a result of Superstorm Sandy, was forced to travel out of town to Maryland to secure his home and to assist his family members who were affected by the storm. Plaintiff's counsel further represents that he has only recently returned home and requests an extension of time until November 11, 2012, to file a response to defendants' motion to dismiss. The Court notes that plaintiff's counsel filed a motion to deny defendants' motion to dismiss and to dismiss sanctions and memorandum in support on November 12, 2012 (rec. docs. 34 and 36), which the Court will construe as oppositions to defendants' motion to dismiss. Thus, this motion is now moot.

and one of which also awarded defendants their attorneys' fees and costs associated with filing the second motion to compel (rec. docs. 14 and 24). The order granting the second motion to compel gave plaintiff until September 26, 2012, to answer defendants' discovery and pay fees and costs. Id. The order further stated that "failure to comply with this Order shall result in additional sanctions, up to and including additional attorney's fees and costs, and a recommendation of dismissal for failure to prosecute and failure to comply with this Court's Orders." Id.

Plaintiff failed to respond to defendants' outstanding discovery by September 26, 2012; therefore, defendants filed a motion to dismiss this matter. Defendants argue that plaintiff has failed to comply with the Court's previous discovery orders by not timely responding to discovery and has failed to participate in discovery by not appearing at her deposition, which defendants noticed for September 7, 2012. Plaintiff did not timely respond to defendants' motion to dismiss. Instead, plaintiff requested an extension of time until November 8, 2012, to file a response to defendants' motion to dismiss based on representations by plaintiff's counsel that Hurricane Isaac caused damaged to his home and an interruption of his law practice, which was granted (rec. doc. 32). Again, plaintiff did not timely respond, and on November 9, 2012, plaintiff requested an extension of time until November 11, 2012, to file a response to the motion to dismiss based on representations by plaintiff's counsel that Superstorm Sandy caused damage to his home in Maryland and that he was forced to travel to Maryland to secure his home and to make arrangements for his family members during the storm (rec. doc. 33).

Ultimately, plaintiff filed an opposition to the motion to dismiss on November 12, 2012, in the form of a motion and requested that the sanctions previously awarded be

dismissed due to the fact that plaintiff responded to defendants' first set of interrogatories (rec. docs. 34 and 36).  Plaintiff's counsel further argues that he has not intentionally delayed or refused to participate in discovery as he had no knowledge of the September 7, 2012, deposition notice of plaintiff's deposition as it was scheduled for the week after Hurricane Isaac, which caused damage to his law practice and forced him to relocate to a new office.  Additionally, plaintiff's counsel suggests that the deposition notice may have been mailed to the address of his former office; therefore, he would not have received the notice.[2]

The record is clear that plaintiff has had an ample opportunity to conduct discovery and to respond to the discovery propounded by defendants.  Plaintiff represents in her memorandum that she has responded to defendants' interrogatories.  It is unclear, however, at this time whether plaintiff has *fully* responded to defendants' interrogatories and to what extent, if any, she has responded to defendants' first request for production of documents.  Defendants have failed to identify the specific deficiencies in plaintiff's discovery responses in their reply memorandum.  The fact that plaintiff has partially produced discovery in response to an order compelling production does not support the dismissal of a previous award of discovery sanctions.  Additionally, the Court reminds the parties that although the discovery deadline has expired, they have a continuing duty pursuant to Fed. R. Civ. P. Rule 26(e) to supplement their discovery responses.

---

[2] On October 25, 2012, plaintiff's counsel was ordered to update his address with the Court within 14 days.  It appears that plaintiff's counsel has updated his address as the address reflected on the docket sheet is the address referenced as his current address in his motion to deny motion to dismiss (rec. docs. 34 and 36). The Court notes, however, that the address reflected on the docket sheet (607 St. Charles, Suite 300, New Orleans, Louisiana, 70130) is different from the address reflected in the signature block of plaintiff's motion (603 St. Joseph Street, New Orleans, Louisiana, 70130).  All parties are reminded of their continuing obligation to apprise the court of any address change pursuant to Rule 11.1M of the Uniform Local Rules of the Middle District of Louisiana.

With respect to plaintiff's deposition, plaintiff's counsel has offered at least some explanation for why plaintiff did not appear at her deposition, and considering those facts, the Court will allow a brief extension of the discovery period to allow defendants to depose plaintiff.  Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to respond to motion to dismiss (rec. doc. 33) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file a reply to plaintiff's opposition to defendants' renewed motion to dismiss (rec. doc. 35) is **GRANTED**;

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (rec. doc. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to deny motion to dismiss and motion to deny motion to dismiss and to dismiss sanctions due to the fact that interrogatories were answered and submitted to defendant (rec. docs. 34 and 36) are **DENIED.**

**IT IS FURTHER ORDERED** that the discovery deadlines are extended as follows:

1. Defendants shall have fourteen (14) days to take the deposition of plaintiff, and plaintiff shall make herself available for her deposition within the next fourteen (14) days **or her case will be dismissed**.

2. Dispositive motion deadline is extended to **January 14, 2013.**

Baton Rouge, Louisiana, November 30, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA